| | |
|---|---|
| | |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| RACHEL GARCIA,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 5:17-cv-02061-JDE<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Rachel Garcia ("Plaintiff") filed a Complaint on October 6, 2017, seeking review of the Commissioner's denial of her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The parties filed a Joint Submission ("Jt. Stip.") regarding the issues in dispute on September 5, 2018. The matter now is ready for decision.

**I.**

**BACKGROUND**

On March 1, 2013, Plaintiff submitted her applications for DIB and SSI. Administrative Record ("AR") 190-200. After they were denied initially and

on reconsideration (AR 109-13, 115-19), an administrative hearing was held on March 14, 2016. AR 24, 38. Plaintiff, represented by counsel, appeared and testified at the hearing before an Administrative Law Judge ("ALJ"), as did a vocational expert ("VE"). AR 40-66.

On April 13, 2016, the ALJ issued a written decision finding Plaintiff was not disabled. AR 24-33. The ALJ found Plaintiff had not engaged in substantial gainful activity since October 10, 2012, the alleged onset date, and found Plaintiff suffered from the following severe impairment: cervical degenerative disc disease, status/post fusion. AR 26. The ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment and found Plaintiff had the residual functional capacity ("RFC") to perform a reduced range of light work. AR 28-29. Plaintiff could: (1) lift and carry 20 pounds occasionally and 10 pounds frequently; (2) stand, walk, and sit for a total of six hours in an eight-hour workday; (3) frequently climb, balance, stoop, kneel, crawl, and crouch; and (4) occasionally use ladders, ropes, or scaffolds. Id.

The ALJ determined that Plaintiff was unable to perform any past relevant work. AR 31. Considering Plaintiff's age as a "younger individual" on the alleged onset date, her education, work experience, and RFC, the ALJ concluded she was capable of performing jobs that exist in significant numbers in the national economy, including: small products assembler (Dictionary of Occupational Titles ["DOT"] 706.684-022); inspector (DOT 559.687-074); and marker (DOT 209.587-034). AR 32-33. Accordingly, the ALJ concluded that Plaintiff was not under a "disability," as defined in the Social Security Act, from the alleged onset date through the date of the decision. AR 33.

Plaintiff's request for review of the ALJ's decision by the Appeals Council was denied, making the ALJ's decision the Commissioner's final decision. AR 1-7. This action followed.

# III.
# LEGAL STANDARDS

## A. Standard of Review

Under 42 U.S.C. § 405(g), a court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and supported by substantial evidence based on the record as a whole. Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (as amended); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Id. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.").

Lastly, even when the ALJ commits legal error, the Court upholds the decision where that error is harmless. Molina, 674 F.3d at 1115. An error is harmless if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Brown-Hunter, 806 F.3d at 492 (citation omitted).

**B. Standard for Determining Disability Benefits**

When the claimant's case has proceeded to consideration by an ALJ, the ALJ conducts a five-step sequential evaluation to determine at each step if the claimant is or is not disabled. See Molina, 674 F.3d at 1110.

First, the ALJ considers whether the claimant currently works at a job that meets the criteria for "substantial gainful activity." Id. If not, the ALJ proceeds to a second step to determine whether the claimant has a "severe" medically determinable physical or mental impairment or combination of impairments that has lasted for more than 12 months. Id. If so, the ALJ proceeds to a third step to determine whether the claimant's impairments render the claimant disabled because they "meet or equal" any of the "listed impairments" set forth in the Social Security regulations at 20 C.F.R. Part 404, Subpart P, Appendix 1. See Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1001 (9th Cir. 2015).

If the claimant's impairments do not meet or equal a "listed impairment," before proceeding to the fourth step the ALJ assesses the claimant's RFC, that is, what the claimant can do on a sustained basis despite the limitations from his impairments. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Social Security Ruling ("SSR") 96-8p. After determining the claimant's RFC, the ALJ proceeds to the fourth step and determines whether the claimant has the RFC to perform her past relevant work, either as she "actually" performed it when she worked in the past, or as that same job is "generally" performed in the national economy. See Stacy v. Colvin, 825 F.3d 563, 569 (9th Cir. 2016).

If the claimant cannot perform her past relevant work, the ALJ proceeds to a fifth and final step to determine whether there is any other work, in light of the claimant's RFC, age, education, and work experience, that the claimant can perform and that exists in "significant numbers" in either the national or

regional economies. See Tackett v. Apfel, 180 F.3d 1094, 1100-01 (9th Cir. 1999). If the claimant can do other work, she is not disabled; but if the claimant cannot do other work and meets the duration requirement, the claimant is disabled. See Id. at 1099.

The claimant generally bears the burden at each of steps one through four to show that she is disabled, or that she meets the requirements to proceed to the next step; and the claimant bears the ultimate burden to show that she is disabled. See, e.g., Molina, 674 F.3d at 1110; Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). However, at Step Five, the ALJ has a "limited" burden of production to identify representative jobs that the claimant can perform and that exist in "significant" numbers in the economy. See Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Tackett, 180 F.3d at 1100.

## IV.
## DISCUSSION

The parties present two disputed issues (Jt. Stip. at 4):

Issue No. 1: Whether the ALJ properly determined that Plaintiff does not have a severe mental impairment at Step Two; and

Issue No. 2: Whether the ALJ properly considered all of Plaintiff's impairments assessing the RFC.

### A.     Step-Two Determination

Plaintiff alleges the ALJ erred in not finding she had a severe mental impairment as a result of her anxiety, depression, and learning disability. She also alleges new evidence, submitted to the Appeals Council after the ALJ's decision, provides additional support for such a finding. Jt. Stip. at 4-15, 18-20.

#### 1. Applicable Law

At Step Two of the sequential evaluation, the ALJ determines whether the claimant has a severe, medically determinable impairment or combination of impairments that meets the durational requirement. See 20 C.F.R.

§§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). In assessing severity, the ALJ must determine whether the claimant's medically determinable impairment or combinations of impairments significantly limits his ability to do basic work activities. See Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005). Step two is a "de minimis screening device to dispose of groundless claims." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). An impairment or combination of impairments may be found "not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." Webb, 433 F.3d at 686 (quoting Smolen, 80 F.3d at 1290). The ALJ "may find that a claimant lacks a medically severe impairment or combination of impairments only when [that] conclusion is 'clearly established by medical evidence.'" Id. at 687 (citation omitted).

Harmless error analysis applies to the Step Two determination. Davenport v. Colvin, 608 F. App'x 480, 481 (9th Cir. 2015); Burch v. Barnhart, 400 F.3d 676, 682 (9th Cir. 2005).

2. **Analysis**

The ALJ found Plaintiff's cervical degenerative disc disease was a "severe impairment" at Step Two. AR 26. The ALJ also set forth a detailed inquiry into whether other physical and mental impairments were severe, including Plaintiff's anemia, tuberculosis, vision problems, anxiety, depression, frustration, panic attacks, along with other symptoms, and determined Plaintiff had no other severe impairments. AR 26-27. Regarding Plaintiff's mental impairments, the ALJ provided a detailed analysis, with specific consideration of the four functional areas known as the "paragraph B" criteria. AR 27-28. The ALJ then explained that "[t]he limitations identified in the 'paragraph B' criteria are not a[n RFC] assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental [RFC] assessment used at steps 4 and 5 . . . require a more detailed assessment

6

by itemizing various functions contained in the broad categories found in paragraph B . . . ." AR 28.

Here, although the ALJ did not find Plaintiff's mental issues to be severe, even if he erred (which the Court does not conclude), any error is harmless for two reasons.

First, Step Two was already resolved in Plaintiff's favor, i.e., the ALJ found Plaintiff claim survived the "gatekeeping" step designed to dispose of groundless claims by finding another impairment to be severe. Contrary to Plaintiff's argument (Jt. Stip. at 18-19), the ALJ did not terminate the sequential evaluation at Step Two; he continued the analysis through the final steps of the disability determination. See Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007) (the Step Two finding is "merely a threshold determination" that "only raises a prima facie case of a disability"); Burch, 400 F.3d at 682 (concluding that any error ALJ committed at Step Two was harmless where the step was resolved in claimant's favor); Kemp v. Berryhill, 2017 WL 3981195, at *5 (C.D. Cal. Sept. 8, 2017) (any error in declining to find impairments severe harmless because Step Two is the "gatekeeping" step, and the ALJ continued the analysis).

Second, the ALJ considered Plaintiff's mental health issues in assessing her RFC. The ALJ stated on two occasions, at Step Two and at Step Four, that he considered all the functional limitations and all symptoms from all of Plaintiff's medically determination impairments, "including the the[] non severe ones," in fashioning the RFC. AR 27, 29. Moreover, in the RFC assessment itself, the ALJ discussed Plaintiff's complaints and third-party function reports about her depression, and addressed her lack of mental health treatment. AR 29, 31. The ALJ also stated the "[RFC] assessment reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis." AR 28. Accordingly, any error in declining to find a severe

mental health impairment was harmless because the ALJ considered Plaintiff's mental health impairments at Step Four. See Hurter v. Astrue, 465 F. App'x 648, 652 (9th Cir. 2012) (error harmless because, although ALJ did not explicitly consider certain impairments, he stated that he had considered all symptoms in formulating RFC); Kemp, 2017 WL 3981195 at *5 (ALJ's finding – that the "RFC assessment reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis" – signaled the ALJ considered claimant's mental health issues in assessing the RFC even though the ALJ did not find them severe); Ball v. Colvin, 2015 WL 2345652, at *2–3 (C.D. Cal. May 15, 2015) (same); Buzby v. Astrue, 2013 WL 4807011, at *5 (D. Idaho Sept. 9, 2013) (same); Lualhati v. Astrue, 2010 WL 3001208, at *4 (N.D. Cal. July 29, 2010) (same); see also Duncan v. Berryhill, 2017 WL 6059140, at *6 (S.D. Cal. Dec. 7, 2017) (ALJ contrasted the "special technique" analysis with the "more detailed assessment" required for the RFC, indicating the ALJ's later analysis of claimant's mental impairment was designed to address the RFC).

  The evidence submitted for the first time to the Appeals Council does not change the harmlessness of the any error for the reasons explained above. Additionally, most of that evidence postdated the ALJ's decision, and therefore little or no bearing on the relevant period at issue here. (Dkt. # 22-1 at 5 (Appeals Council brief arguing that evidence "after the ALJ's decision" supports a severe impairment finding), 7-10, 15-26); Lombardo v. Schweiker, 749 F.2d 565, 567 (9th Cir. 1984) (opinion of treating physician who examined claimant a year and a half after the relevant period properly disregarded); Bailey v. Astrue, 2008 WL 823741, at *6 (N.D. Cal. Mar. 27, 2008) (evidence submitted to Appeals Council "pertained to [claimant]'s disability after the relevant period of this case, and thus cannot establish disability in this case"). The only records predating the ALJ's decision stated Plaintiff had anxiety and

dysthymic disorders, and revealed that Plaintiff brought in "a lengthy form from attorney and requests it be completed for permanent, total disability." (Dkt. # 22-1 at 11-13.) This is insufficient to establish error. See Febach v. Colvin, 580 F. App'x 530, 531 (9th Cir. 2014) ("Although [claimant] was diagnosed with depression, that diagnosis alone is insufficient for finding a 'severe' impairment, as required by the social security regulations.")

For the reasons outlined above, the Court finds any error at Step Two was harmless.

**B.      Consideration of Other Impairment in the RFC**

Plaintiff contends that the ALJ also failed to consider the "total impact" of other impairments and related symptoms in assessing the RFC, including her asthma, possible lupus or connective tissue disorder, and generalized pain in various parts of her body. Jt. Stip. at 20-23.

**1. Applicable Law**

A district court must uphold an ALJ's RFC assessment when the ALJ has applied the proper legal standard and substantial evidence in the record as a whole supports the decision. Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005). In making an RFC determination, the ALJ may consider those limitations for which there is support in the record and need not consider properly rejected evidence or subjective complaints. Id. The Court must consider the ALJ's decision in the context of "the entire record as a whole," and if the "'evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." Ryan v. Comm'r Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) (citation omitted).

**2. Analysis**

Preliminarily, the Court notes Plaintiff failed to properly raise this issue before the Agency. Counsel for Plaintiff proposed none of the impairments allegedly missing from the RFC to the VE, and the issue was not raised before

the Appeals Council. Dkt. 22-1 at 4-6; AR 65, 276-80; See <u>Meanel v. Apfel</u>, 172 F.3d 1111, 1115 (9th Cir. 1999) ("when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal"); <u>Steward v. Astrue</u>, 2012 WL 4210624, at *4 (D. Or. Sept. 19, 2012) (claimant waived argument not raised before Appeals Council). Nonetheless, the Court declines to find a waiver here.

      Here, the ALJ stated he "considered the functional limitations resulting from all of [Plaintiff's] medically determinable impairments, including nonsevere ones," and in assessing Plaintiff's RFC, he "considered all symptoms to the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence." AR 27, 29. The ALJ further noted "[n]o treating or examining medical source endorsed the degree of limitation [Plaintiff] alleged or assessed more restrictive functional limitations than those determined in this decision." AR 31. Plaintiff has failed to demonstrate, in light of the ALJ's statements, that the ALJ somehow overlooked the impairments referenced by Plaintiff in the Joint Stipulation.

      Further, Plaintiff fails to explain how any of the symptoms or alleged impairments which she claims were not considered by the ALJ, or a combination of them, demonstrates she cannot perform any work. See <u>Young v. Sullivan</u>, 911 F.2d 180, 183-84 (9th Cir. 1990) (mere diagnosis of a listed impairment is not sufficient to sustain a finding of disability); <u>Nottoli v. Astrue</u>, 2011 WL 675290, at *3 (E.D. Cal. Feb. 16, 2011) ("a mere recitation of a medical diagnosis does not demonstrate how that condition impacts plaintiff's ability to engage in basic work activities.").

      Here, the Court finds that the ALJ's findings, including the RFC, are supported by substantial evidence. Even if the ALJ, despite affirming that he did in fact consider all functional limitations and symptoms from all of Plaintiff's medically determinable impairments in assessing Plaintiff's RFC,

erred by failing to expressly mention some symptoms or conditions, based upon the record before it, the Court finds that any such failure was not of any consequence to the ultimate nondisability determination in the context of the record as a whole and was therefore harmless. See Molina, 674 F.3d at 1115; Brown-Hunter, 806 F.3d at 492.

## V.
## ORDER

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

Dated: October 24, 2018

_____
JOHN D. EARLY
United States Magistrate Judge